

Tre Christopher Roberts
1201 N Catalina #3163
Redondo Beach, CA
310 895 1717
1chrisroberts23@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Tre Christopher Roberts | LACV21-9794-RSWL-SK |
|---|---|
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DEMAND JURY TRIAL FOR DAMAGES AND INJUCTIVE RELIEF |
| vs. | 42 U.S.C.§ 1983 |
| Los Angeles City County (1), LAPD (2), LASD (3), Officer R. Martinez (37797) (4), Officer J. Braun (39254) (5), Deputy sol (6) | 4TH AMENDMENT VIOLATION, 14TH AMENDMENT VIOLATION, FALSE ARREST, FALSE IMPRISONMENT, FAILURE TO TRAIN, MALICIOUS PROSECUTION |
| Defendant. | Date: 12/09/2021 |

TO: LOS ANGELES CITY COUNTY, LAPD, LASD, OFFICER R. MARTINEZ (37797), OFFICER J. BRAUN (39254), DEPUTY SOL

CLERK OF THE DISTRICT COURT:

### STATEMENT OF FACTS

On August 29th 2017 Tre Roberts who hereinafter will be referred to as "P" was contacted by Deputy Sol of the Los Angeles Sheriffs Department who will hereinafter be referred to as "D", D stopped P on the suspicion that P Violated a vehicle code (non-point violation). D made face to face contact with P and Alleged that P failed to stop at a stop sign. After initial contact and a vague explanation of the alleged infraction, P was ordered out of his vehicle and was immediately handcuffed and detained, P complied to the authoritative demand. While detained, D Recovered a Firearm from a Locked

Container of P's Car. D asked P about the firearm and P answered and Disclosed his Status as a Valid California Licensed Armed Guard/ Messenger. D Acknowledged this information and called P's employer Inter-Con Security for verification. P's Employer validated P's claims as a Roving Armed Messenger / Guard for Southern California Edison. Nonetheless, D told P that he was in violation of Penal Code 25850 (A)(1) PC. Taking Judicial Notice of the documents/facts set forth before the court, on 1/24/18 in the case of The people of the State Of California v. Tre Christopher Roberts Case Number SA096530 was dismissed in the furtherance of Justice Pursuant to 1385 PC.

On August 2nd 2019, in the Evening LAPD Officers sagbigsal and Cabral who will hereinafter be referred to as "D" conducted a traffic stop of a Dodge Ram Pick-up Truck traveling northbound on soto St near Zonal Ave. in the city of Los Angeles. As an Occupant of the Vehicle, Tre Roberts who will hereinafter be referred to as P was immediately detained by the traffic stop. D made face to face contact with P. Based on an alleged correctable traffic violation. After being alerted to the alleged vehicle infraction, D Ordered P out of the vehicle. P complied with the authoritative demands. D handcuffed P and further detained, interrogated, searched and Handcuffed him. While detained, and purportedly in connection with a vehicle impound search, D admits to recovering an exposed firearm (Non-Concealed). D asks P about the firearm and P offers to show D his firearm credentials. D denied the existence of P's Firearm license, failed to advise P of his rights and placed him in the rear of a police unit. P was transported to East Los Angeles Police station and subsequently charged with (25850 (A)(1) PC),  The people of the State Of California v. Tre Christopher Roberts Case Number BA480272.

On December 2, 2020 at approximately 10:00 AM LAPD Officers R. Martinez and J. Braun who hereinafter will be referred to a D conducted a routine traffic stop of a Tinted Grey Range Rover traveling southbound on Broadway near 92nd st in the city of Los Angeles. As an Occupant of

the Vehicle, Tre Christopher Roberts who hereinafter will be referred to as P was contacted as the subject of the traffic stop. During initial contact D authoritatively Ordered P out of the vehicle, P willingly Complied. D stated that the reasoning was due to the alleged vehicle code violations. Based on this, D performed a Terry Frisk of P and found nothing of note except greenish/brown debris in P's pocket that was not positively identified unquantifiable and not admitted as material evidence. correctable traffic violations. After Searching P's vehicle without consent freely given and finding nothing questionable, D Reached in P's clothing pocket and removed a set of keys and began to use those keys in attempt to open the locked container. "D" acknowledges the recovery of a firearm and ammunition from a **Locked** Container of the vehicle. P addressed D with his employment and legal reasoning for having a properly stored firearm. P attempted to show D proof of his Firearm Licensure status with the state of California. D failed to verify the information and placed P in the rear of the police unit. P was not advised of rights and was subsequently taken to 77th regional headquarters and charged with 25850 (A)(1) PC. The people of the State Of California v. Tre Christopher Roberts Case Number TA153826.

**Points and Authorities**

"A cause of action for false imprisonment based on unlawful arrest is stated where it is alleged that there was an arrest without process, followed by imprisonment and damages. Upon proof of those facts the burden is on the defendants to prove justification for the arrest. (Hughes v. Oreb, 36 Cal. 2d 854, 858 [228 P.2d 550]; Kaufman v. Brown, 93 Cal. App. 2d 508, 511-513 [209 P.2d 156]; Collins v. Jones, 131 Cal. App. 747, 750 [22 P.2d 39]; see [241 Cal. App. 2d 457]1 Cooley on Torts [4th ed. 1932], § 112, pp. 360-361; 22 Am.Jur. 422, 427; cf. People v. Agnew, 16 Cal. 2d 655, 661-664 [107 P.2d 601].)" (Dragna v. White, 45 Cal. 2d 469, 471-472 [289 P.2d 428].) A police officer who makes an arrest without a warrant and without justification may be held civilly liable for false arrest and imprisonment. (Miller v. Glass, 44 Cal.

2d 359, 361 [282 P.2d 501]; Hughes v. Oreb, 36 Cal. 2d 854, 857 [228 P.2d 550].) Defendant knew at the moment of their arrest that they were acting without a warrant; they also knew that as an immediate result thereof the plaintiff would be deprived of their liberty and imprisoned for a short while until released on bail or release on OR. "False imprisonment is the unlawful violation of the personal liberty of another." (Pen. Code, § 236.) [9] Definition of the crime and the tort are the same. (Parrott v. Bank of America, 97 Cal. App. 2d 14, 22 [217 P.2d 89, 35 A.L.R.2d 263]; Stallings v. Foster, 119 Cal. App. 2d 614, 619 [259 P.2d 1006].) The tort requires some restraint of the person and that he be deprived [241 Cal. App. 2D 460] of his liberty or compelled to remain where he does not wish to remain, or go where he does not wish to go (People v. Agnew, 16 Cal. 2d 655, 659-660 [107 P.2d 601]; Vandiveer v. Charters, 110 Cal. App. 347, 355 [294 P. 440]); and that the person be restrained of his liberty without sufficient complaint or authority. (Ware v. Dunn, 80 Cal. App. 2d 936, 943 [183 P.2d 128].) The operative question in this case is "whether the totality of the circumstances justifie[s] a particular sort of search or seizure." Tennessee v. Garner, 471 U.S. 1, 8-9, 105 S.Ct. 1694, 85 L.Ed.2d 1. Supreme Court and Fifth Circuit caselaw makes clear that a Fourth Amendment seizure occurs in one of two ways: either an officer applies physical force or an officer makes a show of authority to which an individual submits. *See* California v. Hodari D., 499 U.S. 621, 625-26, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); *see also* Brendlin v. California, 551 U.S. 249, 254, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007); Carroll v. Ellington, 800 F.3d 154, 170 (5th Cir. 2015) The Fourth Amendment prohibits "unreasonable searches and seizures." "[R]easonableness is always the touchstone of Fourth Amendment analysis," Birchfield v. North Dakota, 579 U.S. ___, ___ 136 S.Ct. 2160, 2186, 195 L.Ed.2d 560 (2016), and reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)(internal quotation marks omitted). Plaintiffs can, subject to qualified immunity,

generally recover damages that are proximately caused by any Fourth Amendment violation. Heck v. Humphrey, 512 U.S. 477, 483, 114 S.Ct. 2364, 129 L.Ed.2d 383. To state a civil rights claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. West v. Atkins, 487 U.S. 42, 48 (1988); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc). In *Monell*, the Supreme Court held that municipalities may only be held liable under § 1983 for constitutional violations resulting from official county policy or custom. 436 U.S. at 694. "The custom or policy must be a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Benavidez v. County of San Diego, 993 F.3d 1134, 1153 (9th Cir. 2021) (internal quotation marks omitted). The policies can include "written policies, unwritten customs and practices, [and] failure to train municipal employees on avoiding certain obvious constitutional violations." *Id.* Over the Last 4 years Los Angeles City County has repeatedly displayed a custom Detaining the the plaintiff and falsely arresting/accusing him of violating Penal code 25850 (A)(1). Each of the Instances aforementioned were accompanied by searches executed without warrants or freely given consent. All of the accusations are based on minor traffic offenses without an articulable probable cause or commensurate justification for immediate detainment and search of person and/or vehicle.

To state a civil rights claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. West v. Atkins, 487 U.S. 42, 48 (1988);Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury. Murphy, 844 F.2d 628, 633 (9th. CA Penal Code 25850 (a) A person is guilty of carrying a loaded firearm when the person carries a loaded firearm on the person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory. Los Angeles City County Alleged that the plaintiff is in violation of statutory law. However, the plaintiff is licensed through the California Department of Consumer Affairs Bureau of Security and Investigative Services as a Armed Guard Messenger pursuant to Section 7583.5 of the Business and Professions Code and has been license an employed since February of 2013. The plaintiff's California Firearm Permit number is #345692 (Calibers .22 .38 .357 9mm .40 .45) and is valid until 2023. The plaintiff is daily on a route and on roads in Los Angeles / Orange county. As such, CA Penal code 26030 is relevant and so defined as 26030 (a) Section 25850 does not apply to any of the following who have been issued a certificate pursuant to subdivision (d): (10) Uniformed security guards, regularly employed and compensated in that capacity by persons engaged in any lawful business, and uniformed alarm agents employed by an alarm company operator, while actually engaged in protecting and preserving the property of their employers, or on duty or en route to or from their residences or their places of employment, and security guards and alarm agents en route to or from their residences or employer-required range training. Based

Subsequently Falsely imprisoned for the accusations of a crime that was never committed. Additionally, a false arrest based on willful negligence or utter disregard is both unprofessional and unreasonable. The totality of these habitual mistakes can only lead the plaintiff to believe he is victim of Malicious Prosecution. In Each instance the plaintiff informed the municipal officer of his license status but was disregarded and seized. A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States. <u>Martinez v. California, 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980)</u>. The Constitution, through the Fourth Amendment, protects people from unreasonable searches and seizures by the government. Even, if the Defendant's in question could articulate a probable cause in any of the circumstances to justify search and breach of locked containers, the ultimate seizures of the plaintiff were flawed by statutory oversight and herby challenged. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."<u>Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)</u> . Although the plaintiff must provide "more than labels and conclusions," Twombly, 550 U.S. at 555, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests."<u>Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam)</u>.

In addition, Defendants Failure to Verify or acknowledge the validity of the plaintiff's California Firearm Permit while enforcing a law negated his lawful privilege and ultimately deprived him of liberty. "'failure to train amounts to deliberate indifference to the rights of persons with whom subordinates come into contact' and the failure has actually caused the injury of which the plaintiff complains."*Id*. at 1397, quoting in part *Popham v. City of Talladega*, 908 F.2d 1561, 1564-65 (11th Cir. 1990). Los Angeles City County, LASD and LAPD Had a Duty under the 14th amendment to Provide equal protection of the law under the law and this duty was breached.

## Conclusion

Municipal police departments are "public entities" under California law and, hence, can be sued in federal court for alleged civil rights violations. *Shaw v. California Dep't of Alcoholic Bev. Control,* 788 F.2d 600, 605 (9th Cir.1986). As an Injured party, The plaintiff seeks to recover for damages sustained as a Victim of Civil Rights Violations.

Respectfully Submitted,

Tre Christopher Roberts

12/20/21