# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRE CHRISTOPHER ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY et al.,<br><br>Defendants. | CASE NO. 2:21-cv-09794-JWH (SK)<br><br>**ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

In December 2021, Plaintiff Tre Christopher Roberts filed a paid civil rights action against the City and County of Los Angeles, their respective police departments, and some of those municipalities' individual officers and deputy sheriffs. (ECF 1). In January 2022, the Court ordered Plaintiff to serve the complaint and summonses on Defendants by March 2022. (ECF 8 at 2). Plaintiff was also ordered to file proofs of service within 15 days of service. (*Id.*). In that order, Plaintiff was warned that failure to timely serve Defendants could lead to the dismissal of this action. (*Id.*). When Plaintiff failed to comply, the Court ordered him to show cause by April 2022 why this action should not be dismissed for failure to prosecute and failure to effectuate service of process. (ECF 13). He was advised that failure to file a timely response to the order to show cause would result in involuntary dismissal of this action for failure to prosecute. (*Id.*).

Yet as of this order, Plaintiff has filed no response to the order to show cause, no proofs of service, and no request for an extension of time to do either.  Nor has the Court received any returned undeliverable mail or notice of change of address suggesting that Plaintiff has not received the Court's orders.  As a result, this action must be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.  In making this decision, the Court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam).

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Second, unprosecuted actions consume time that the Court could otherwise devote to its heavy docket of cases. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Third, a rebuttable presumption of prejudice to Defendants arises when Plaintiff delays prosecution of his action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Fourth, while public policy favors disposition on the merits, it remains Plaintiff's responsibility to move the case toward such a disposition. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).  Fifth and last, no sanctions short of dismissal are feasible.  The Court already warned Plaintiff that failure to respond to the Court's orders would result in involuntary dismissal for failure to prosecute.  (ECF 13). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  And, of course, given Plaintiff's pro se status, monetary sanctions are impractical. *See Lynch v. Barber*, 2016 WL 4719888, at *2 (C.D. Cal. Sept. 7, 2016).

For these reasons, this action is ordered **DISMISSED** for lack of prosecution. Judgment dismissing this action without prejudice will be entered accordingly.

**IT IS SO ORDERED.**

DATED: May 2, 2022

_____
HON. JOHN W. HOLCOMB
U.S. DISTRICT JUDGE